IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 10-20076-12-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| ANTONIO CLARK, | ) | No. 12-2551-KHV |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #538) filed August 23, 2012. For reasons stated below, the Court sets an evidentiary hearing on defendant's claim related to counsel's failure to appeal and otherwise overrules defendant's motion.

## Factual Background

On May 18, 2011, before Magistrate Judge James P. O'Hara, defendant pled guilty to conspiracy to manufacture, to possess with intent to distribute, and to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(ii), (b)(1)(A)(iii). Defendant's total offense level was 32, with a criminal history category III, resulting in a guideline range of 151 to 188 months.[1] The government recommended a sentence at the low end of the guideline range. On August 26, 2011, the Court sentenced defendant to 170 months in prison. Defendant did not appeal. Jack West represented defendant throughout this proceeding.

---

[1] The Court determined that defendant was accountable for approximately 3.5 kilograms of cocaine base. See Presentence Investigation Report ("PSIR") (Doc. #474) ¶ 62. Because defendant was accountable for at least 2.8 kilograms but less than 8.4 kilograms of cocaine base, his base offense level before adjustments was 36. See U.S.S.G. § 2D1.1(c)(2) (2010 ed.).

On August 23, 2012, defendant filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255. Liberally construed, defendant's Section 2255 motion as supplemented by his reply asserts that Mr. West was ineffective because (1) he did not conduct any pretrial investigation, (2) during plea negotiations, he coerced defendant to plead guilty, advised defendant that the Court would sentence him to 120 months in prison and advised defendant to enter a plea agreement which waived his right to appeal and gave him no benefit, (3) he had a conflict of interest, (4) at sentencing, he did not object to the calculation of defendant's base offense level or seek a lower sentence under Amendment 750 to the Sentencing Guidelines, and did not file a motion for a downward departure as a "minor participant," and (5) after sentencing, he did not file an appeal as instructed. Motion Under 28 U.S.C. § 2255 (Doc. #538) at 4; Memorandum Of Law (Doc. #542) at 5-6; Petitioner's Traverse To Government's Return (Doc. #556) at 6-7, 9.

## **Analysis**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) the deficient performance was so prejudicial that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the

Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

## I. Failure To Conduct Pretrial Investigation (Claim 1)

Defendant argues that Mr. West was ineffective because he did not conduct any pretrial investigation. At the plea hearing, defendant conceded that the government had evidence that he committed the crime of conspiracy to manufacture, to possess with intent to distribute, and to distribute 50 grams or more of cocaine base. See Plea Agreement (Doc. #328) ¶ 2. Defendant has not cited any legal or factual defense to the charges or the evidence which the government outlined in the plea agreement.[2] Defendant apparently claims that counsel simply relied on information

---

[2] Defendant's claim is extremely vague, but to the extent he implies that counsel failed to interview or subpoena witnesses, he must provide an affidavit of the potential witness as to the nature of the proposed testimony. See United States v. Ashimi, 932 F.2d 643, 650 (7th Cir. 1991) (to show ineffective assistance, evidence about testimony of putative witness must generally be presented by witness testimony or affidavit); Sanders v. Trickey, 875 F.2d 205, 210-11 (8th Cir. 1989) (failure to provide affidavit from witness regarding potential testimony precludes finding of prejudice); United States v. Schaflander, 743 F.2d 714, 721 (9th Cir. 1984) (to warrant evidentiary hearing, movant must submit affidavit or sworn statement from witness or counsel); United States v. Anderson, No. 95-20086-JWL, 2003 WL 22757928, at *3 (D. Kan. Nov. 6, 2003) (Section 2255 movant required to submit affidavit of putative witness); United States v. Cosby, 983 F. Supp. 1022, 1026 (D. Kan. 1997) (prejudice not established where defendant did not submit affidavit of potential alibi witnesses); see also United States v. Jones, 124 F.3d 218, 1997 WL 580493, at *1 (10th Cir.
(continued...)

which the U.S. Attorney gave him and did not independently investigate the case. See Memorandum Of Law (Doc. #542) at 5. A decision not to investigate cannot be deemed reasonable if it is uninformed, see Hooper v. Mullin, 314 F.3d 1162, 1170–71 (10th Cir. 2002), but defendant has not shown that counsel's alleged decision was uninformed. Moreover, counsel may reasonably decide to rely on prior statements of witnesses to investigators. See Wilson v. Simmons, 536 F.3d 1064, 1136 (10th Cir. 2008). Defendant's conclusory allegations of inadequate pretrial preparation do not establish deficient performance and are insufficient to warrant an evidentiary hearing. See United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); Hatch v. Oklahoma, 58 F.3d 1447, 1457, 1471 (10th Cir. 1995) (same).

To show prejudice in the guilty plea context, defendant must show a reasonable probability that but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002); Miller v. Champion, 262 F.3d 1066, 1068-69 (10th Cir. 2001). As part of his proof, defendant must show that "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010) (citing Roe v. Flores-Ortega, 528 U.S. 470, 480, 486 (2000)). Defendant's mere assertion that he would have insisted on trial but for counsel's errors, although necessary, is ultimately insufficient to entitle him to relief. Miller, 262 F.3d at 1072; United States v. Gordon, 4 F.3d 1567, 1571 (10th Cir. 1993). Instead, the Court

---

²(...continued)
Sept. 19, 1997) (certificate of appealability on ineffective assistance claim denied because defendant did not present specific facts to show that co-defendant would have offered exculpatory evidence).

evaluates the factual circumstances surrounding the plea to predict "whether the outcome of the district court proceedings would have been different if his counsel had not committed the alleged errors." Clingman, 288 F.3d at 1186; see Miller, 262 F.3d at 1072 (court examines factual circumstances surrounding plea to determine whether petitioner would have proceeded to trial). While defendant need not show that he would have prevailed at trial, his prospects of succeeding inform the Court's view whether he in fact would have gone to trial absent the alleged errors. United States v. Triplett, 263 Fed. Appx. 688, 690 (10th Cir. 2008); see Clingman, 288 F.3d at 1186. The strength of the government's case is often the best evidence whether defendant in fact would have changed his plea and insisted on going to trial. See Hill, 474 U.S. at 59-60.

In light of the agreed factual basis set forth in the plea agreement, defendant has not shown a reasonable probability that but for counsel's alleged conduct, the results of the plea proceeding would have been different, i.e. that he would not have agreed to plead guilty. See United States v. Young, 206 Fed. Appx. 779, 785 (10th Cir. 2006); Rantz, 862 F.2d at 810-11. Defendant also cannot establish prejudice because he significantly delayed seeking to vacate his plea until after the Court imposed a sentence of 170 months in prison. In the context of a motion to withdraw a guilty plea before sentencing, the Court considers whether defendant delayed in filing the motion.[3] Indeed, delays of three months or more tend to suggest manipulation by defendant. See Carr, 80 F.3d at 420

---

[3] See United States v. Killingsworth, 117 F.3d 1159, 1162 (10th Cir. 1997); Gordon, 4 F.3d at 1572. Delay in filing a motion to withdraw a guilty plea weighs against granting defendant's motion. See United States v. Carr, 80 F.3d 413, 420 (10th Cir.1996) (three months); United States v. Vidakovich, 911 F.2d 435, 439-40 (10th Cir. 1990) (five months); United States v. Gibson, 176 F.3d 489, 1999 WL 298181, at *2 (10th Cir. 1999) (Table) (three months); United States v. Rower, 80 F. Supp.2d 1212, 1219 (D. Kan. 1999) (eight weeks), aff'd, 18 Fed. Appx. 702 (10th Cir. 2001); see also United States v. Kramer, 168 F.3d 1196, 1202 (10th Cir. 1999) (three-month delay in filing motion to withdraw plea weighed decisively against defendant where motion filed one day before sentencing).

(delay of three months); Vidakovich, 911 F.2d at 439 (delay of five months). The District of Columbia Circuit has noted as follows:

> Even where the plea was properly entered . . ., the standard for judging the movant's reasons for delay remains low where the motion comes only a day or so after the plea was entered. . . . A swift change of heart is itself strong indication that the plea was entered in haste and confusion; furthermore, withdrawal shortly after the event will rarely prejudice the Government's legitimate interests. By contrast, if the defendant has long delayed his withdrawal motion, and has had the full benefit of competent counsel at all times, the reasons given to support withdrawal must have more force.

United States v. Barker, 514 F.2d 208, 222 (D.C. Cir. 1975).

From a review of the record, it is readily apparent that defendant's request to withdraw his guilty plea – 15 months after his plea – is motivated by dissatisfaction with the length of his sentence, not a legitimate claim about counsel's performance. Defendant does not state that he would have likely prevailed at trial and the record does not reflect any viable defense against the charges. As part of the plea, defendant acknowledged that he conspired with others to distribute and possess with intent to distribute more than 50 grams of cocaine base. See Plea Agreement ¶ 2. Defendant also recognized that if the government had filed a Section 851 notice as to his second prior drug conviction, he would have been subject to a mandatory minimum of life in prison. In light of the evidence and the significant benefits which defendant received under the plea agreement, defendant has not shown how a decision to reject the plea agreement would have been rational under the circumstances. See Padilla, 559 U.S. at 372. Accordingly, he cannot show prejudice based on counsel's alleged failure to investigate.

The Court overrules defendant's first claim for relief.

## II. Counsel's Advice During Plea Negotiations (Claim 2)

Defendant argues that during plea negotiations, Mr. West was ineffective because he coerced

defendant to plead guilty, advised defendant that the Court would sentence him to 120 months in prison, and advised defendant to enter a plea agreement which waived his right to appeal and gave him no benefit.

### A. Coercion

Defendant argues that Mr. West was ineffective because he "coerce[d]" him to plead guilty. See Memorandum Of Law (Doc. #542) at 6. In his written plea agreement and the plea colloquy, defendant affirmed under oath that he had discussed the plea agreement with counsel, that his plea was free and voluntary, that no one had forced or threatened him to enter it, that no promises were made to induce him to plead guilty, that he was fully satisfied with the advice and representation of counsel and that the only reason he was making a plea was that he was in fact guilty as charged. Absent a believable reason justifying departure from their apparent truth, the accuracy and truth of an accused's statements at a Rule 11 proceeding at which his plea is accepted are conclusively established. United States v. Glass, 66 Fed. Appx. 808, 810 (10th Cir. June 3, 2003); United States v. Jones, 124 F.3d 218, 1997 WL 580493, at *1 (10th Cir. Sept. 19, 1997); United States v. Bambulas, 571 F.2d 525, 526 (10th Cir. 1978). Defendant's conclusory statement that counsel coerced him to plead guilty is insufficient to establish that counsel's performance was deficient.[4]

Even if counsel had coerced defendant to plead guilty, defendant has not shown prejudice. As noted above, defendant has not shown a reasonable probability that but for counsel's alleged conduct, the results of the plea proceeding would have been different, i.e. that he would not have

---

[4] Defendant states that Mr. West told him that he would get a life sentence unless he signed the plea deal. Sworn Affidavit (Doc. #542-1) ¶ 12. Such advice does not appear deficient because under the plea agreement, the government agreed not to file a notice under Section 851 of a second prior conviction which would have resulted in a mandatory minimum sentence of life in prison. See Plea Agreement (Doc. #328) ¶ 5.

agreed to plead guilty. See Young, 206 Fed. Appx. at 785; Rantz, 862 F.2d at 810-11.

### B. Predicted Sentence

Defendant argues that counsel was ineffective because he advised defendant that he would receive a sentence of 120 months in prison. Defendant's assertion that counsel made such a prediction is conclusively refuted by the record. At the change of plea hearing, based on the statements of counsel and Judge O'Hara, defendant fully understood that the likely range of his sentence was between seven and 20 years in prison.[5] Even if Mr. West had told defendant that the Court would likely impose a sentence of 120 months, such advice was not deficient. At the change of plea hearing, counsel informed the Court that based on the number of variables which could affect the sentence, he told defendant that the range of punishment was seven or eight years at the low end to 20 years on the high end. Even so, defendant fully understood that he was subject to a *statutory* minimum sentence of 20 years in prison and a maximum sentence of life in prison, that counsel's predictions and assumptions of a lesser sentence could be wrong and that any such errors could have a dramatic impact on his sentence. See Plea Agreement (Doc. #328) ¶ 1. A large part of the Court's standard plea colloquy assumes that counsel will sometimes fail to correctly predict a defendant's

---

[5] In the plea petition, defendant also acknowledged as follows:

I declare that no officer or agent of any branch of government (federal, state, or local) has promised, suggested, or predicted that I will receive a lighter sentence, or probation, or any other form of leniency if I plead "GUILTY," except as follows:

My attorney did discuss how the Sentencing Guidelines may apply in my case.

If anyone else, including my attorney, made such a promise, suggestion, or prediction, except as noted in the previous sentence, I know that he had no authority to do so.

Petition To Enter Plea (Doc. #327) at 3.

sentence. Defendants sometimes receive less time than counsel predict, sometimes more.[6] An attorney miscalculation or erroneous sentence estimate by itself does not establish constitutionally deficient performance. Gordon, 4 F.3d at 1570; see United States v. Melcher, No. 10-504, 2010 WL 1971913, at *2 (10th Cir. May 18, 2010) (performance not deficient; prediction of 200 months, sentence of life in prison); United States v. Harrison, No. 09-7113, 2010 WL 1225617, at *4 (10th Cir. Mar. 31, 2010) (same; prediction of 37 months, sentence of 70 months); see also United States v. Herrera, 289 Fed. Appx. 302, 304-05 (10th Cir. 2008) (erroneous estimate not deficient where defendant recognized that he faced potential life sentence and plea agreement stated that final sentence was solely in court's discretion). Here, defendant received a sentence of 14 years, 2 months in prison which is approximately half way between the range announced by counsel at the change of plea hearing (best case scenario of seven or eight years and worse case scenario of 20 years). Accordingly, counsel's advice – including any prediction that defendant's sentence would be 120 months in prison – was not deficient.

Defendant also has not alleged sufficient facts to show that counsel's alleged advice on the length of his sentence was prejudicial. At the change of plea hearing, defendant acknowledged that

---

[6] Defendant argues that he was "under the impression that his exposure was the minimum term of 120 months." Petitioner's Traverse To Government's Return (Doc. #556) at 9. Defendant does not allege that counsel promised or guaranteed that if he pled guilty, he would receive 120 months in prison. Indeed, at the change of plea hearing, after counsel explained the best case and worse case scenarios, defendant admitted that no one had made any promise or guarantee about his sentence. Cf. Wellnitz v. Page, 420 F.2d 935, 936 (10th Cir. 1970) (if attorney recklessly promises client that specific sentence will follow guilty plea, such representation may be deemed constitutionally ineffective); see also United States v. Gonzalez, 209 Fed. Appx. 842, 846 (10th Cir. 2006) (erroneous estimate of nine to 15 years in prison does not invalidate plea despite life sentence); Cunningham v. Diesslin, 92 F.3d 1054, 1061 (10th Cir. 1996) (defendant's subjective understanding not based upon promise made by defense attorney, prosecutor or court will not undermine constitutionality of plea); Thomas v. Kerby, 44 F.3d 884, 886 (10th Cir. 1995) (counsel may have estimated and petitioner may have expected sentence substantially less than 20 years imposed but such circumstances do not invalidate plea or render it involuntary).

his plea was free and voluntary and that no one had forced or threatened him to enter it.[7] After being informed about the statutory minimum and maximum and the fact that counsel's prediction could be wrong, defendant pled guilty. An erroneous sentencing prediction is not prejudicial where the Court has conducted an adequate Rule 11 colloquy. See United States v. Kutilek, 260 Fed. Appx. 139, 147 (10th Cir. 2008) (no prejudice from attorney miscalculation in light of judge's statements at plea hearing); United States v. Hamilton, 510 F.3d 1209, 1216 (10th Cir. 2007) (same); United States v. Shedrick, 493 F.3d 292, 299-300 (3d Cir. 2007) (same); Gordon, 4 F.3d at 1571 (same); Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990) (same); United States v. Cruce, No. 97-3167-DES, 1997 WL 557382, at *2 (D. Kan. Aug. 14, 1997) (same; prediction of 36-47 months, sentence of 168 months); United States v. Marsh, 733 F. Supp. 90, 93 (D. Kan. 1990)

---

[7] An erroneousسsentence estimate by counsel does not render a plea involuntary. See United States v. Bridges, 68 Fed. Appx. 896, 900 (10th Cir. 2003) (plea voluntary; prediction of no more than 60 months, sentence of 175 months); Wellnitz, 420 F.2d at 936 (plea voluntary; prediction of 25 years, sentence of 100 years); see also Fields v. Gibson, 277 F.3d 1203, 1213-14 (10th Cir. 2002) (plea voluntary when attorney advised defendant that plea would lessen chance of death penalty and court nevertheless imposed death penalty); Braun v. Ward, 190 F.3d 1181, 1189 (10th Cir. 1999) (plea voluntary because defendant took chances by relying on attorney's good-faith advice and no evidence of guarantees or promises); Stout v. United States, 508 F.2d 951, 953 (6th Cir. 1975) (plea not involuntary merely because prediction that guilty plea would result in light sentence did not come true).

The Supreme Court has noted that "[w]aiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts. That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing." McMann v. Richardson, 397 U.S. 759, 770 (1970); see also United States v. Broce, 488 U.S. 563, 572 (1989) (possibility that plea might have been influenced by erroneous assessment of sentencing consequences did not render plea invalid); Brady v. United States, 397 U.S. 742, 757 (1970) (absent misrepresentation or other impermissible conduct by state agents, voluntary plea of guilty intelligently made in light of then applicable law does not become vulnerable because later judicial decisions indicate that plea rested on faulty premise). In his plea petition and at the plea colloquy, defendant acknowledged that he was subject to a mandatory minimum sentence of 20 years in prison. At the plea colloquy, defendant stated that he understood that counsel did not know for certain about a number of variables, that counsel could not tell him for certain what his exact sentence would be, that counsel might be wrong and that if his predictions and assumptions were wrong, it could have a dramatic impact on his sentence.

(same; prediction of three years, sentence of nine years). In addition, defendant has not shown that in light of the evidence against him and the benefits under the plea agreement, "a decision to reject the plea bargain would have been rational under the circumstances." Padilla, 559 U.S. at 372. Accordingly, defendant was not prejudiced by counsel's prediction of the length of his sentence.

### C. Lack Of Benefits To Defendant In Plea Agreement

Defendant asserts that counsel was ineffective because he advised defendant to enter a plea agreement that included a waiver of appeal and gave him no benefit. In this district, waivers of appeal are standard in plea agreements. Defendant ignores the fact that in entering the plea agreement, the government made key concessions including an agreement not to file a motion "seeking double enhancement of the defendant's sentence under the provisions of 21 United States Code § 851, which would have the effect of subjecting the defendant to a statutory mandatory minimum of life imprisonment." Plea Agreement (Doc. #328) ¶ 5. In addition, defendant received a significant reduction in the guideline minimum (from 240 months down to 170 months) because of the government's obligations under the plea agreement. The plea agreement is not so one-sided as to suggest that defense counsel was deficient by advising defendant to enter into it. Finally, defendant has not shown that in light of the evidence against him and the benefits under the plea agreement, "a decision to reject the plea bargain would have been rational under the circumstances." Padilla, 559 U.S. at 372. The Court therefore overrules his claim that counsel was ineffective because he advised defendant to enter into the plea agreement.

### III. Conflict Of Interest (Claim 3)

Defendant argues that counsel was ineffective because he had a conflict of interest. In particular, defendant asserts that counsel had a conflict because he negotiated a plea agreement which included a clause that stipulated that counsel had provided effective assistance. Traverse To

Government's Return (Doc. #556) at 7. Defendant apparently refers to the standard clause in the plea agreement which provides that he had sufficient time to discuss the case, the evidence and the agreement with counsel and that he was fully satisfied with the advice and representation of counsel. See Plea Agreement (Doc. #328) ¶ 19. The purpose of such a clause is to assure that defendant's plea is voluntary, not to waive any claim he may have against counsel for ineffective assistance. Indeed, the plea agreement specifically preserved subsequent claims of ineffective assistance of counsel. See id., ¶ 13. Defendant's conclusory allegation that counsel had a conflict of interest is insufficient to establish deficient performance or prejudice, and does not warrant an evidentiary hearing. See Kilpatrick, 1997 WL 537866, at *3; Hatch, 58 F.3d at 1457, 1471. The Court therefore overrules defendant's third claim for relief.

## IV.     Performance At Sentencing (Claim 4)

Defendant argues that at sentencing, counsel was ineffective because he did not object to the calculation of defendant's base offense level, raise Amendment 750 to the Sentencing Guidelines or file a motion for downward departure because defendant was a minor participant. Motion Under 28 U.S.C. § 2255 (Doc. #538) at 4; Memorandum Of Law (Doc. #542) at 5-6, 10; Petitioner's Traverse To Government's Return (Doc. #556) at 6-7, 9.

### A.     Calculation Of Base Offense Level

Defendant argues that at sentencing, counsel should have challenged the drug quantity in the PSIR because he was only responsible for 110 grams of cocaine base, not 3.5 kilograms as set forth in the PSIR. Defendant apparently claims that the PSIR should have calculated his base offense level based solely on his personal conduct. In the case of jointly undertaken criminal activity, however, the relevant conduct guideline specifically instructs the Court to consider "all reasonable

foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity."

U.S.S.G. § 1B1.3(a)(1)(B). In addition, the Commentary to Section 1B1.3 states as follows:

> With respect to offenses involving contraband (including controlled substances), the defendant is accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonable foreseeable quantities of contraband that were within the scope of criminal activity that he jointly undertook.

U.S.S.G. § 1B1.3, App. Note 2. The PSIR notes that defendant is accountable for a number of transactions based on Section 1B1.3. See PSIR (Doc. #474) ¶ 61. Because defendant pled guilty to a conspiracy to distribute and possess with intent to distribute cocaine from January of 2009 through May 13, 2010 and based on the findings in the PSIR, the Court properly considered the cocaine base which was involved in jointly undertaken criminal activity during that period. See United States v. Foy, 641 F.3d 455, 469 (10th Cir. 2011) (sentencing court may consider quantities not alleged in calculating base offense level, provided drugs were part of same course of conduct or common scheme or plan as offense of conviction); United States v. Smith, 929 F.2d 1453, 1459 (10th Cir. 1991) (quantity of drugs not specified in charge properly included in determining base offense if part of "same course of conduct") (quoting U.S.S.G. § 1B1.3, comment at 1.19); United States v. Harris, 903 F.2d 770 (10th Cir. 1990) (sentencing court properly considered 801 pounds of marijuana involved in crime but not charged); United States v. Ware, 897 F.2d 1538, 1542-43 (10th Cir. 1990) (quantities of drugs not alleged in indictment may be used to enhance sentence); cf. United States v. Jones, 235 F.3d 1231, 1237 (10th Cir. 2000) (in considering quantity of drugs not charged in indictment, district court cannot sentence defendant beyond statutory maximum). In light of the relevant law, counsel's decision not to challenge the issue of drug quantity was within the reasonable range of professional assistance and was not deficient.

Even if counsel was somehow deficient in not objecting to drug quantity, defendant does not explain how he was prejudiced by counsel's performance. Defendant has not alleged or shown a reasonable probability that had counsel objected to the drug quantity calculation in the PSIR, he would not have pled guilty or that the Court would have imposed a different sentence. See United States v. Hemsley, 287 Fed. Appx. 649, 650 (10th Cir. 2008); Rantz, 862 F.2d at 810-11. The Court therefore overrules defendant's claim of ineffective assistance based on counsel's decision not to challenge the drug quantity in the PSIR.

### B. Amendment 750

Defendant argues that counsel was ineffective because he did not seek a lower sentence based on Amendment 750 to the Sentencing Guidelines. Amendment 750, which implemented portions of the Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2372 ("FSA"), reduced the crack cocaine/powder cocaine ratio to 18:1 in the Sentencing Guidelines. Counsel's performance was not deficient or prejudicial because Amendment 750 was already incorporated in the Sentencing Guidelines when the Court sentenced him. See PSIR (Doc. #474) ¶ 60 (applying November 1, 2010 edition of Sentencing Guidelines). Accordingly, the Court overrules defendant's claim that counsel was ineffective because he did not seek a reduced sentence under Amendment 750.

### C. Minor Role Adjustment

Defendant argues that counsel was ineffective because at sentencing, he did not argue that defendant was entitled to a downward departure as a "minor participant." Memorandum Of Law (Doc. #542) at 10. Defendant apparently refers to an adjustment for a mitigating role in the offense under U.S.S.G. § 3B1.2, but he has not identified any factual or legal basis for such an adjustment, or that he was entitled to argue for such an adjustment under the terms of the plea agreement.

Defendant's conclusory claim is insufficient to show that counsel was deficient in not raising such an objection or that if he had done so, the result of the sentencing proceeding would have been different. See Kilpatrick, 1997 WL 537866, at *3 (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); Hatch, 58 F.3d at 1457, 1471.

## V.     Failure To File An Appeal As Instructed (Claim 5)

Defendant claims that counsel was ineffective because he did not file an appeal after defendant asked him to do so. Where a lawyer disregards specific instructions to file a criminal appeal, counsel is deemed to have acted in a manner that is both professionally unreasonable and presumptively prejudicial. See Flores-Ortega, 528 U.S. at 477, 484-85; United States v. Snitz, 342 F.3d 1154, 1155-56 (10th Cir. 2003). If defendant requests an appeal, counsel must file a timely notice of appeal. If counsel believes after conscientious examination that an appeal is wholly frivolous, he must file a motion to withdraw and an accompanying brief under Anders v. California, 386 U.S. 738 (1967). To evaluate defendant's claim that Mr. West was ineffective because he did not file an appeal, an evidentiary hearing is necessary to determine whether defendant asked counsel to file an appeal. The Court therefore will hold an evidentiary hearing on this limited issue on **November 12, 2013 at 3:00 p.m.** Because defendant previously qualified for appointed counsel under 18 U.S.C. § 3006A, the Court appoints new counsel to represent defendant at the evidentiary hearing. See Rule 8(c) of the Rules Governing Section 2255 Proceedings. Counsel for the government is directed to secure Mr. West's appearance at the hearing.

## VI.    Conclusion

Except for defendant's claim related to counsel's failure to file an appeal, the files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant

does not allege specific and particularized facts which are not directly refuted by the record or if true, would entitle him to relief. Accordingly, except for the claim related to counsel's failure to file an appeal, no evidentiary hearing is required on defendant's claims. See 28 U.S.C. § 2255; Kilpatrick, 1997 WL 537866, at *3 (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

**IT IS THEREFORE ORDERED that an evidentiary hearing on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #538) filed August 23, 2012 will be held on November 12, 2013 at 3:00 p.m. The hearing will be limited to defendant's claim that counsel was ineffective because he did not file an appeal after defendant asked him to do so. The Court directs the Clerk to appoint counsel to represent defendant at the evidentiary hearing. Counsel for the government is directed to secure Mr. West's appearance at the hearing.**

**IT IS FURTHER ORDERED** that Petitioner's Motion For An Evidentiary Hearing (Doc. #569) filed February 19, 2013 be and hereby is **SUSTAINED in part**. The Court sustains defendant's motion for an evidentiary hearing on defendant's claim that counsel was ineffective because he did not file an appeal after defendant asked him to do so. Defendant's motion is otherwise overruled.

Dated this 23rd day of September, 2013 at Kansas City, Kansas.

>s/ Kathryn H. Vratil
>KATHRYN H. VRATIL
>United States District Judge