**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CRIMINAL ACTION** |
| | ) | **No. 10-20076-12-KHV** |
| **v.** | ) | |
| | ) | **CIVIL ACTION** |
| **ANTONIO CLARK,** | ) | **No. 12-2551-KHV** |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate,</u>

<u>Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #538) filed August 23, 2012.

On September 23, 2013, the Court overruled defendant's motion except for his claim related to

counsel's failure to file an appeal. <u>See</u> <u>Memorandum And Order</u> (Doc. #576). On November 12,

2013, the Court held an evidentiary hearing. For reasons stated below, the Court overrules

defendant's claim related to counsel's failure to file an appeal and denies a certificate of

appealability.

**Findings Of Fact**

Based on the case record and the testimony at the evidentiary hearing, the Court finds the

following facts:

On May 18, 2011, before Magistrate Judge James P. O'Hara, defendant pled guilty to

conspiracy to manufacture, to possess with intent to distribute and to distribute 50 grams or more

of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(ii), (b)(1)(A)(iii). At the

change of plea hearing, Judge O'Hara thoroughly explained to defendant that he was waiving his

right to appeal except in three limited circumstances: (1) if defendant received ineffective assistance

of counsel, (2) if the Court departed upward from the applicable sentencing guideline range or (3) if the government exercised its right to appeal.

Defendant's total offense level was 32, with a criminal history category III, resulting in a guideline range of 151 to 188 months. The government recommended a sentence at the low end of the guideline range. On August 26, 2011, the Court sentenced defendant to 170 months in prison. Defendant did not appeal. Jack West represented defendant throughout this proceeding.

At the hearing on November 12, 2013, defendant testified that even after Judge O'Hara explained the appeal waiver at the change of plea hearing, he thought that he still had the right to appeal. On the other hand, West testified that at the time of the plea agreement, he explained to defendant the terms of the appeal waiver. In light of Judge O'Hara's thorough explanation of the waiver at the change of plea hearing, the explicit terms of the plea agreement and West's testimony about his discussions with defendant, defendant's testimony that he thought he had a right to appeal is not credible.

At the hearing on November 12, 2013, defendant testified that before he left the courtroom at sentencing, he asked counsel to file an appeal. West gave highly credible testimony, however, that defendant never instructed him to file an appeal. In light of this testimony and the appeal waiver in the plea agreement, the Court finds that defendant never asked West to file an appeal.

**Analysis**

Defendant claims that counsel was ineffective because he did not file an appeal after defendant asked him to do so. Where a lawyer disregards specific instructions to file a criminal appeal, counsel is deemed to have acted in a manner that is both professionally unreasonable and presumptively prejudicial. See Roe v. Flores-Ortega, 528 U.S. 470, 477, 484-85 (2000); United

States v. Snitz, 342 F.3d 1154, 1155-56 (10th Cir. 2003). If defendant requests an appeal, counsel must file a timely notice of appeal. If counsel believes after conscientious examination that an appeal is wholly frivolous, he must file a motion to withdraw and an accompanying brief under Anders v. California, 386 U.S. 738 (1967). As explained above, defendant never asked West to file an appeal. Accordingly, the Court overrules defendant's claim for relief.

### Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[1] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above and in the Court's Memorandum And Order (Doc. #576), the Court finds that defendant has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #538) filed August 23, 2012 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** as to the Court's ruling on defendant's motion under 28 U.S.C. § 2255.

---

[1] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

Dated this 15th day of November, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
